**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| TINA TRENSEY | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )    Case No. **3:26-cv-156** |
| | ) |
| | ) |
| EQUIFAX INFORMATION SERVICES LLC, | ) |
| and EVERWISE CREDIT UNION | ) |
| | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT EVERWISE CREDIT UNION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Everwise Credit Union ("Everwise"), by counsel, respectfully submits its Answer and Affirmative Defenses to the Complaint ("Complaint") filed by Plaintiff Tina Trensey ("Plaintiff"), hereby states as follows:

Everwise denies, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraphs below. Everwise further states that its investigation of the present matter is ongoing. Accordingly, Everwise reserves the right to amend this Answer. Everwise denies any and all allegations contained in the headings in the Complaint.

In response to the separately numbered paragraphs in the Complaint (reproduced below), Everwise states as follows:

**AS TO "PRELIMINARY STATEMENT"**

1. This is an action for damages brought by an individual consumer, Tina Trensey, against Equifax Information Services LLC and Everwise Credit Union, (collectively

"Defendants") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*

**RESPONSE**:  Paragraph 1 asserts legal conclusions requiring no response. To the extent a response is required, Everwise denies the allegations in Paragraph 1.

## AS TO "JURISDICTION & VENUE"

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

**RESPONSE**: Paragraph 2 asserts legal conclusions requiring no response. To the extent a response is required, Everwise denies the allegations in Paragraph 2.

3.      Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

**RESPONSE**:  Paragraph 3 asserts legal conclusions requiring no response. If a response is required, Everwise denies the allegations in Paragraph 3.

## AS TO "THE PARTIES"

4.      Plaintiff Tina Trensey is an adult individual residing in South Bend, Indiana.

**RESPONSE:** Everwise lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 4 and therefore denies them.

5.      Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency that regularly conducts business in the Northern District of Illinois, and which has a principal place of business located at 1550 Peachtree St NW, Atlanta, GA 30309.

**RESPONSE:** Paragraph 5 contains allegations about Equifax, and not Everwise. Everwise lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 5 and therefore denies them.

6. Defendant Everwise Credit Union ("Everwise") is a business entity that regularly conducts business in the Northern District of Indiana, and which has a principal place of business located at 110 S Main Street, South Bend, IN 46601.

**RESPONSE:** Everwise admits the allegations in Paragraph 6.

**AS TO "FACTUAL ALLEGATIONS"**

7. Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (the "inaccurate information") from at least September 2024 through the present. The inaccurate information pertains to an account with Everwise.

**RESPONSE:** Everwise denies that it reported inaccurate information to third parties about Plaintiff and Plaintiff's credit history. Everwise admits Plaintiff executed a Retail Installment Contract and Security Agreement to secure an automobile loan on June, 6, 2017. Everwise lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 7 related Equifax and therefore denies them.

8. Specifically, Defendants are falsely reporting that Plaintiff discharged a debt owed to Everwise during a bankruptcy proceeding. This information is inaccurate as Plaintiff reaffirmed that debt owed to Everwise, and has since paid off the remaining balance in full.

**RESPONSE:** Paragraph 8 refers to bankruptcy proceeding documentation, which speaks for itself, and Everwise denies any characterization inconsistent therewith. Paragraph 8 calls for a legal conclusion and therefore does not require a response by Everwise. To the extent a response is required, Everwise denies the allegations of Paragraph 8 and further states that its reporting was accurate. Everwise lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 8 related to Equifax and therefore denies them.

3

9.      The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's creditworthiness.

**RESPONSE:** Everwise denies that it provided any inaccurate information regarding Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's creditworthiness. Everwise lacks information or knowledge sufficient to form a belief about the truth of the remaining allegations in Paragraph 9 and therefore denies them.

10.     Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown. Defendant Equifax has repeatedly published and disseminated consumer reports to third parties from at least September 2024 through the present.

**RESPONSE:** Everwise denies that it reported, issued, or disseminated inaccurate information to various persons and credit grantors, both known and unknown. Everwise lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 9 related Equifax and therefore denies them.

11.     Plaintiff has disputed the inaccurate information with Defendant Equifax by following Defendant's established procedures for disputing consumer credit information.

**RESPONSE:** Paragraph 11 contains allegations against Equifax, and not Everwise. Everwise lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 11 and therefore denies them.

12.     Plaintiff has disputed the inaccurate information with Defendants from at least September 2024 through the present.

4

**RESPONSE:** To the extent the allegations are directed at Everwise, Everwise admits to having received three disputes via the credit bureau between July 31, 2025, and September 26, 2025. Everwise admits to receiving a voicemail from Plaintiff on October 17, 2025. Otherwise, the allegations are not directed at Everwise, and therefore Everwise lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 12 and therefore denies them.

13. Notwithstanding Plaintiff's efforts, Equifax has sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and Equifax continues to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. Equifax has repeatedly published and disseminated consumer reports to such third parties from at least September 2024 through the present.

**RESPONSE:** Paragraph 13 contains allegations against Equifax, and not Everwise. Everwise lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 13 and therefore denies them.

14. Despite Plaintiff's efforts, Equifax has never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted all third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; and/or (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information.

**RESPONSE:** Paragraph 14 contains allegations against Equifax, and not Everwise. Everwise lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 14 and therefore denies them.

15.     Notwithstanding Plaintiff's disputes, Everwise, furnisher of the inaccurate information, has also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes, and has willfully continued to report such inaccurate information to various credit reporting agencies.

**RESPONSE:** The allegations set forth in Paragraph 15 call for a legal conclusion and therefore do not require a response by Everwise. To the extent a response is required, Everwise denies the allegations of Paragraph 15. Everwise specifically denies reporting inaccurate information and denies failing to conduct reasonable investigations.

16.     Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable investigations/reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

**RESPONSE:** The allegations set forth in Paragraph 16 call for a legal conclusion and therefore do not require a response by Everwise. To the extent a response is required, Everwise denies the allegations of Paragraph 16 that pertain to Everwise. Everwise specifically denies failing to perform reasonable investigation and denies reporting inaccurate information. Everwise is without knowledge of the remaining allegations directed towards the Equifax and therefore denies the same.

17.     As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress, including humiliation and embarrassment.

**RESPONSE:** Everwise denies the allegations of Paragraph 17. Everwise specifically denies it caused any harm to Plaintiff. Everwise is without knowledge of the remaining allegations directed toward Equifax and therefore denies the same.

18. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

**RESPONSE:** Everwise denies the allegations of Paragraph 18. Everwise is without knowledge of the remaining allegations directed toward Equifax and therefore denies the same.

19. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

**RESPONSE:** Everwise denies the allegations of Paragraph 19. Everwise is without knowledge of the remaining allegations directed toward Equifax and therefore denies the same.

## AS TO "COUNT I – VIOLATIONS OF THE FCRA (PLAINTIFF v. EQUIFAX)"

20. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**RESPONSE:** Everwise incorporates and asserts the preceding responses as though fully set forth herein.

21. At all times pertinent hereto, Equifax was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

**RESPONSE:** Paragraph 21 contains allegations about Equifax and not Everwise. Everwise lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 21 and therefore denies them.

22. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

**RESPONSE:** Everwise lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 22 and therefore denies them.

23. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

**RESPONSE:** Paragraph 23 contains allegations of conclusions of law to which no responsive pleading is required. To the extent a response is required, Everwise denies all allegations set forth in Paragraph 23.

24. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Equifax is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e(b) and 1681i.

**RESPONSE:** Paragraph 24 contains allegations about Equifax and not Everwise. Everwise lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 24 and therefore denies them.

25. The conduct of Equifax was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Equifax is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**RESPONSE:** Paragraph 25 contains allegations about Equifax and not Everwise. Everwise lacks information or knowledge sufficient to form a belief about the truth of the allegations contained in Paragraph 25 and therefore denies them.

**AS TO "COUNT II – VIOLATIONS OF THE FCRA (PLAINTIFF v. EVERWISE)"**

26.    Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**RESPONSE**: Everwise incorporates and asserts the preceding responses as though fully set forth herein.

27.    At all times pertinent here, Everwise was a "person" as that term defined by 15 U.S.C. § 1681a(b).

**RESPONSE**: The allegation in Paragraph 28 calls for legal conclusion, and requires no response by Everwise. To the extent a response is required, Everwise denies the allegation of Paragraph 27.

28.    At all times pertinent hereto, Everwise was a "furnisher" of credit information as defined by the FCRA.

**RESPONSE**: The allegations in Paragraph 28 call for legal conclusions, and require no response by Everwise. To the extent a response is required, Everwise denies the allegations of Paragraph 28.

29.    Everwise violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

**RESPONSE**: The allegations set forth in Paragraph 29 call for a legal conclusion and therefore do not require a response by Everwise. To the extent a response is required, Everwise otherwise denies the allegations in Paragraph 29.

30.    Everwise's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above,

9

and as a result, Everwise is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs, as well as such other relief, permitted by law.

**RESPONSE**: The allegations set forth in Paragraph 30 call for a legal conclusion, and therefore do not require a response by Everwise. To the extent a response is required, Everwise denies the allegations of Paragraph 30. Everwise specifically denies any inaccurate, incomplete, and/or materially misleading credit reporting.  Everwise specifically denies any harm caused to Plaintiff.

**AS TO "JURY TRIAL DEMAND"**

31.    Plaintiff demands trial by jury on all issues so triable.

**RESPONSE:** Everwise admits only that Plaintiff demands a jury trial. To the extent any further response is required, Everwise denies the allegations of Paragraph 31.

**AS TO "PRAYER FOR RELIEF"**

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a)    Actual damages;

(b)    Statutory damages;

(c)    Punitive damages;

(d)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n, 1681o; and

(e)    Such other and further relief as may be necessary, just and proper.

**RESPONSE**: Plaintiff's Prayer for Relief does not contain any factual allegations to which Everwise is required to respond. Everwise, however, denies that Plaintiff is entitled to any relief from Everwise whatsoever.

## EVERWISE'S AFFIRMATIVE DEFENSES

Everwise asserts the following affirmative defenses without assuming any burden of pleading or proof that would otherwise rest on Plaintiff. All defenses are pleaded in the alternative and do not constitute an admission of liability or that Plaintiff is entitled to any relief whatsoever. All defenses pleaded below are based upon Everwise's current understanding of the claims asserted by Plaintiff, and Everwise reserves the right to plead additional defenses when and if they become appropriate and/or available to them. Everwise may assert additional affirmative defenses to which it may be entitled, or which may be developed during discovery.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff's claims against Everwise may be barred or limited by the statute of frauds, parol evidence rule, assumption of the risk, contributory negligence, the doctrine of waiver, estoppel, unclean hands, statute of limitations and/or laches.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff lacks standing to assert some or all of the claims against Everwise.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's failure to mitigate damages, if any, bars or limits any recovery.

### FIFTH AFFIRMATIVE DEFENSE

To the extent any violation of law took place, the violation was not intentional and resulted from a bona fide error that occurred notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

### SIXTH AFFIRMATIVE DEFENSE

11

The Plaintiff's claims, to the extent any exist, are not the result of the actions of Everwise, but the actions of the Plaintiff or an independent third party acting at the request or direction of the Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims, to the extent any exist, are not the result of the actions of Everwise, but the actions of an independent third party.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's potential recovery may be subject to set-off against what Plaintiff owes.

## NINTH AFFIRMATIVE DEFENSE

Everwise seeks all fees, expenses, costs, and any legally recoverable damages from Plaintiff that may be available under the FCRA, including but not limited to 15 U.S.C. §§ 1681n(c), 1681o(b), under Fed. R. Civ. P. 54(d)(1) or otherwise.

## TENTH AFFIRMATIVE DEFENSE

Everwise complied with all applicable requirements of the FCRA, 15 U.S.C. § 1681 *et seq.*

## ELEVENTH AFFIRMATIVE DEFENSE

Everwise is entitled to all defenses, presumptions, and inferences provided by the FCRA, 15 U.S.C. § 1681 *et seq.*

## TWELFTH AFFIRMATIVE DEFENSE

Everwise asserts that, in accordance with the relevant provisions of the FCRA, it reasonably and completely investigated, verified, updated, and/or removed any and all disputed or allegedly false information reported by Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

12

Everwise asserts that, at all times material, it had in place reasonable and appropriate procedures to investigate and verify any and all credit information it was already furnishing.

## FOURTEENTH AFFIRMATIVE DEFENSE

Everwise asserts that any information it reported to any consumer reporting agency was, in fact, accurate.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred or limited by the provisions of 15 U.S.C. § 1681n.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint seeks the imposition of punitive damages. Everwise adopts by reference the defenses, criteria, limitations, standards, and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus. Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); and *State Farm v. Campbell*, 538 U.S. 408 (2003).

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to the extent that Plaintiff lacks standing, Plaintiff's alleged damages, if any, are speculative or uncertain and not compensable, and/or Plaintiff cannot recover from Everwise because the Complaint fails to allege, or Plaintiff cannot maintain, an actual injury-in-fact which deprives the Court of Article III jurisdiction. Further, any damages that Plaintiff claims are not fairly traceable to the purported statutory violation Plaintiff raises.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's may have released any claims against Everwise.

13

### NINETEENTH AFFIRMATIVE DEFENSE

The Complaint may not involve a real, immediate, justiciable, or tangible case or controversy.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim as a matter of law because all actions taken by Everwise with respect to Plaintiff were done in good faith, without malice or ill will, and for legitimate business reasons.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Everwise specifically invokes any and all applicable caps or other limits on damages.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

There is no private right of action available to Plaintiff against Everwise.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state a valid claim for attorney fees, expenses, or costs against Everwise.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

To the extent there were any violations of law such purported violations were not done by Everwise with the requisite intent and knowledge.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to demonstrate that any alleged acts or omissions of Everwise caused the injuries or damages claimed by Plaintiff in the Complaint.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Some, or all, of Plaintiff's claims in the Complaint are barred by the applicable provisions in the contracts, policies, and/or agreements at issue.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Everwise asserts the following affirmative defenses to Plaintiff's claim for punitive damages:

a.      Plaintiff's Complaint fails to state a claim against Everwise for which punitive damages may be awarded;

b.      Plaintiff's claim for punitive damages against Everwise cannot be sustained because an award of punitive damages, without proof of every element beyond a reasonable doubt, would violate Everwise's due process rights under the Fourteenth Amendment to the United States Constitution;

c.      Alternatively, unless Everwise's liability for punitive damages and the appropriate amount for punitive damages are required to be established by clear and convincing evidence, then the award of punitive damages would violate Everwise's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution;

d.      Additionally, Everwise relies on the United States Supreme Court decision in *State Farm Mutual Ins. Co. v. Campbell*, 538 U.S. 408 (2003), as it pertains to Plaintiff's punitive damages claim; and

e.      Everwise denies that the conduct of any of its agents, servants or employees, by act or omission, was oppressive, fraudulent, malicious or grossly negligent, but in the event that it is adjudged to the contrary, Everwise specifically pleads that it has not authorized or ratified any such conduct nor should it have anticipated the conduct, if any, and Everwise specifically pleads and relies upon such Complaints as a complete bar to Plaintiff's claim for punitive damages.

**RESERVATION OF RIGHTS**

Everwise expressly reserves the right to assert additional defenses to the extent such additional defenses are uncovered through discovery in this case.

**WHEREFORE**, Defendant, Everwise, respectfully requests that the Court:

1.      Dismiss Plaintiff's Complaint with prejudice;

2.      Enter judgment in Everwise's favor and direct Plaintiff to recover nothing from Everwise;

3.      Grant Everwise its attorney's fees, expenses, and costs pursuant to 15 U.S.C. § 1681n or 15 U.S.C. § 1681o; and

4.      Grant Everwise such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ *Sarah S. Mattingly*
Sarah S. Mattingly
DINSMORE & SHOHL LLP
101 South 5th Street, Suite 2500
Louisville, KY 40202
Phone: (859) 425-1096
Fax: (502) 585-2207
E-Mail: Sarah.mattingly@dinsmore.com
*Counsel for Defendant,*
*Everwise Credit Union*

16

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer and Affirmative Defenses was served by U.S. First Class Mail or by electronic means upon all parties of record receiving notice via the Court's ECF PACER system on June 2, 2026.

Joseph L Gentilcore
Francis Mailman Soumilas PC
1600 Market St Ste 2510
Philadelphia, PA 19103
jgentilcore@consumerlawfirm.com
*Counsel for Plaintiff*

/s/ Sarah S. Mattingly_____
*Counsel for Defendant,*
*Everwise Credit Union*

17