# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF INDIANA

### SOUTH BEND DIVISION

| | | |
|---|---|---|
| TINA TRENSEY, | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO: 3:26-CV-156-CCB-SJF |
| EQUIFAX INFORMATION SERVICES | ) | |
| LLC, EVERWISE CREDIT UNION, | ) | |
| Defendants. | ) | |

## REPORT OF PARTIES' PLANNING MEETING

**1. The parties** conferred via electronic mail **under Fed. R. Civ. P. 26(f) and agreed to this report on** June 17, 2026**.** Joseph Gentilcore **participated for the** plaintiff**;** Sylas Kern **participated** for Defendant Equifax**; and** Sarah Mattingly **participated for** Defendant Everwise**.**

**2. Jurisdiction.**

**The court has jurisdiction under** 15 U.S.C. § 1681p and 28 U.S.C. § 1331**. The parties agree that** Plaintiff's action arises out of alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, *as amended*.

**3. Pre-Discovery Disclosures.**

____**X**____    **The parties** will exchange**,** *but may not file***, Rule 26(a)(1) information by** July 2, 2026**.**[1]

_____    **The parties stipulate out of the mandatory initial disclosures.**

_____    **[Plaintiff] [Defendant] objects to the mandatory initial disclosures for the following reasons: [describe objection].**

---

[1] The court encourages setting all deadlines on business days.

1

326678300v.1

**4. Discovery Plan.**

**The parties propose the following discovery plan:**

a. **Discovery will be needed on the following subjects:**

<u>**Plaintiff:**</u>

1. Whether the Defendant Equifax followed reasonable procedures to assure maximum possible accuracy of the information in Plaintiff's consumer report as required by the FCRA, 15 U.S.C. § 1681;

2. Whether the Defendants underwent reasonable investigations of the information disputed by Plaintiff as required by the FCRA;

3. If a violation is determined to have occurred, whether the Defendants' conduct was willful or negligent;

4. Whether Defendants' actions are a substantial factor in Plaintiff's alleged damages;

5. Whether Plaintiff is entitled to actual damages, and if so, the amount   of actual damages to which Plaintiff is entitled;

6. Whether the Plaintiff is entitled to statutory and/or punitive damages pursuant to FCRA, 15 U.S.C. § 1681n;

7. The amount of statutory damages to be awarded to the Plaintiff, if any; and,

8. The amount of punitive damages to be awarded to Plaintiff, if any.

<u>**Defendant Equifax:**</u> Equifax anticipates conducting written and oral discovery on the following subjects: (1) whether Plaintiff's Equifax credit file contained an inaccuracy; (2) whether any Equifax consumer report regarding Plaintiff contained an inaccuracy; (3) whether Equifax failed to maintain reasonable procedures to assure the maximum possible accuracy of consumer reports regarding Plaintiff; (4) whether Plaintiff disputed the accuracy of an item of information on Plaintiff's Equifax credit file; (5) whether any reinvestigation conducted by Equifax violated the FCRA; (6) whether Plaintiff has met the burden of proving a claim against Equifax for negligent noncompliance with the FCRA; (7) whether Plaintiff has met the burden of proving a claim against Equifax for willful noncompliance with the FCRA; (8) whether Plaintiff has suffered any damages proximately caused by any action or Inaction of Equifax; (9) whether Plaintiff is entitled to any damages (actual, punitive, statutory, costs and/or fees) from Equifax pursuant to the FCRA; (10) whether  any damages suffered by Plaintiff was caused in whole or in part by a third party, an

326678300v.1

intervening or superseding cause, and/or action of Plaintiff; (11) whether Plaintiff failed to mitigate Plaintiff's damages; (12) whether some or all of Plaintiff's claims are barred by applicable statute of limitations; and (13) whether Plaintiff's claims for punitive damages under the FCRA violate the U.S. Constitution.

**Defendant Everwise**: Everwise anticipates conducting written and oral discovery on the following subjects:

1. Whether Plaintiff's Everwise file contained an inaccuracy;

2. Whether an Everwise report or consumer report regarding Plaintiff contained an inaccuracy;

3. Whether Everwise failed to maintain reasonable procedures to assure the maximum possible accuracy of consumer reporting regarding Plaintiff;

4. Whether Plaintiff disputed the accuracy of the alleged information on consumer credit reports or credit information files to Everwise;

5. Whether any investigation or reinvestigation by Everwise violated FCRA;

6. Whether Plaintiff has met the burden of proving a claim against Everwise for negligent noncompliance with the FCRA;

7. Whether Plaintiff has met the burden of proving a claim against Everwise for willful noncompliance with FCRA;

8. Whether Plaintiff has suffered any damages proximately caused by any action or inaction by Everwise;

9. Whether Plaintiff is entitled to any damages (actual, statutory, punitive, costs and/or fees) from Everwise pursuant to FCRA;

10. Whether any damages suffered by Plaintiff were caused in whole or in part by a third party, an intervening or superseding cause, and/or action of Plaintiff;

11. Whether Plaintiff failed to mitigate any of Plaintiff's damages;

12. Whether some or all of Plaintiff's claims are barred by applicable statute of limitations;

13. Whether Plaintiff's claims for punitive damages under FCRA violate the U.S. Constitution.

b. **Disclosure or discovery of electronically stored information should be handled as follows:** The parties will produce electronically stored information as .pdfs and/or printed documents. The parties agree, with respect to any e-mails and electronic documents and data produced to each other in this case, that electronically stored information may be produced in .pdf format, that the documents may be produced either on disk or on paper, and that the metadata is to be excluded

3

from production.

   c.  **The last date to complete all discovery is** March 2, 2027.

   d.  **[Discovery on _____ to be completed by _____]**

   e.  **Maximum of** 25 **interrogatories by each party to any other party.**

   f.  **Maximum of** 25 **requests for admission by each party to any other party.**

   g.  **Maximum of** 10 **depositions by plaintiff(s) and** 10 **by defendant(s).**

   h.  **Each deposition is limited to a maximum of 7 hours unless extended by stipulation.**

   i.  **The parties must disclose the identity of any Rule 26(a)(2) witness and the witness's written report (if applicable) by:**

March 2, 2027 **for plaintiff(s);**

March 16, 2027 **for defendant(s); and**

March 30, 2027 **for Rule 26(e) supplements.**

5. **Other Items.**

**The last date the plaintiff(s) may seek permission to join additional parties and to amend the pleadings is** August 31, 2026**.**

**The last date the defendant(s) may seek permission to join additional parties and to amend the pleadings is** August 31, 2026**.**

**The time to file Rule 26 (a)(3) pretrial disclosures will be governed by separate order.**

**The case should be ready for** jury **trial by** July 2, 2027 **and at this time is expected to take approximately** 3 **days.**

**At this time, all parties** do not **consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial and entry of judgment.**

6. **Alternative Dispute Resolution.**

**The case's settlement prospects may be enhanced via the following ADR procedure:**

4

**Mediation**

**The parties have agreed upon _____ as mediator.**

**Other:** Settlement conference with Magistrate Judge.

Date: 6/24/2026

/s/Joseph Gentilcore___
Counsel for Plaintiff

/s/Sylas Kern _____
Sylas Kern
Counsel for Defendant
Equifax Information Services LLC

/s/_Sarah S. Mattingly_____
Counsel for Defendant
Everwise Credit Union

326678300v.1